# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2010

No. 08-50408
Conference Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALTON JEROME MOORE,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:93-CR-89-ALL

Before SMITH, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Alton Jerome Moore, federal prisoner # 40249-080, seeks leave to appeal in forma pauperis (IFP) from the denial of his 18 U.S.C. § 3582(c)(2) motion. Moore was convicted of possession with intent to distribute crack cocaine and sentenced as a career offender under U.S.S.G. § 4B1.1 to 360 months of imprisonment. By moving to proceed IFP, Moore is challenging the district court's certification decision that his appeal was not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-50408

On appeal, Moore argues that he was entitled to a sentence reduction despite the fact that he was sentenced as a career offender. He contends that one of his prior convictions did not support his classification as a career offender. He also complains that the district court failed to notify him regarding an addendum to the presentence report (PSR), and he argues that the holding of *United States v. Booker*, 543 U.S. 220 (2005), applies to § 3582(c)(2) proceedings.

Moore's guidelines range of imprisonment was not derived from the quantity of crack cocaine involved in the offense but rather from his status as a career offender. Therefore, the district court correctly determined that Moore was not eligible for a sentence reduction. *See* § 3582(c)(2); *United States v. Anderson*, 591 F.3d 789, 790-91 (5th Cir. 2009). The Supreme Court's decision in *Booker* does not apply to sentence reductions under § 3582(c)(2) because such proceedings are not full resentencings. *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009); *see also Dillon v. United States*, 130 S. Ct. 2683, 2691-94 (2010) (holding that *Booker* does not apply to § 3582(c)(2) proceedings). Moore's complaint regarding his classification as a career offender is not cognizable under § 3582(c)(2), *see United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995), and any error regarding a PSR addendum was harmless. *See* FED. R. CRIM. P. 52(a).

Moore has failed to show that he will raise a nonfrivolous issue on appeal. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his IFP motion is DENIED. Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2. His motion for the appointment of counsel is also DENIED.